Case number three 20 0 3 1 5 County of Tazewell at all versus Brian Zimmerman at all appellate. Thank you. Good morning. Good morning. Good morning. Mr. Burner, you can begin. All right. Thank you, Your Honor. Um, the nature of this action is that the auditor of the county filed a petition for the appointment of a special prosecutor. And the threshold issue in such case is whether the state's attorney suffer from a conflict of interest, which the court declared he did not. I suggest to the court that this is a de novo review because it granted the motion to dismiss on behalf as a matter of law on behalf of the defendants. In addition, it involves the legal question. What is a conflict of interest? Um, and so I suggest that it's a de novo review. Uh, just very briefly, the background of the case, there were two cases that came down that the auditor filed a mandamus case that she said her statutory duties were infringed upon. Uh, and also this case, um, and, uh, also this case that involved the same exact parties that involved the county of Tazewell, the state's attorney, the chairman of the board, and the auditor. I say that because the county code requires and designates the state's attorney as the attorney for the county and all actions for prosecution. It says that the state's attorney is to defend all actions against the county. Uh, it also states that the state's attorney is a designated representative, legal representative of any officer that is, uh, within their official duties, which would include the auditor who brought this action as well as the chairman. So every one of the parties to both cases were designated as clients, uh, by the county code of the state's attorney. We suggest that constitutes a per se conflict of interest. Now, interestingly enough, in the mandamus case involving both, uh, the same parties, the state's attorney acknowledged that the only rules of professional conduct applied to him and that there was in fact, a conflict of interest under that rule 1.7, it's called the B3 conflict that is irreconcilable. He also stated that because he has given, uh, legal advice to all the different parties that also was a conflict. He also said that since he was involved with these transactions, he might very well be a witness for his staff, which was another conflict. However, when the next case came before the same judge, essentially, eventually both cases were before the judge that entered the order of appeal. He flip-flopped and denied there was a conflict of interest, said he could select between these various clients who he wanted to represent. We say that the rules don't require that. I mean, they don't allow that, excuse me. Um, as far as the Eleanor rules of professional conduct are concerned, they apply to whether there's a conflict of interest. It's that simple. They have the force of law, their Supreme court rules, and they certainly apply. Uh, in addition, the state's attorney has a fiduciary duty to the public to which he serves. Uh, and he isn't satisfying that he's representing, uh, the defendant who has been actually, and he's breached that particular fiduciary duty. I also point out that the ABA rules model rules on criminal justice standards rule, uh, three dash 1.72, I believe it is says point blank that a prosecutor should not defend, uh, any person accused of criminal conduct. And we've the underlying charges do indicate that. Uh, and I want to just go into them briefly. The chairman, um, Mr. Berner, could you address your client's standing, please? My client's standing, uh, to bring the petition, uh, to, uh, appoint is allowed for any private citizen, including her. Uh, once the appointment made was made, if it would be made, uh, then this special prosecutor has standing to pursue the action. So even if we take the worst case scenario same as the auditor, she doesn't have standing. She does as a private individual and the judge acknowledged that below. He did acknowledge that we would say in addition that as the representative of the taxpayer and the protector of the public coffers, she has a obligation to bring this action and protect the taxpayers. So we do believe she has that standing just like many cases say that the taxpayer has a standing. If they think that the funds are wrongfully appropriated, but in answer to your question, the short answer, she doesn't need standing or capacity. All she has to do is be a private individual. And the cases say any interested person, and it's been, uh, defined as any private person can bring the action and have standing. It's a standing conferring clause, uh, in the law and in the stitch. I hope that answers your question. It does. Thank you. Moving on. Uh, but, uh, Mr. Burner, this action, which is sometimes confusing because we've got to keep our eye on the ball here is only an action to, uh, appoint a special prosecutor. Am I correct? That is where the case is right now. That's correct. So a special prosecutor, assumedly, if one were to be appointed, which is discretionary with the court, correct? Not quite. Well, let's assume it is. Okay. There are, there are some standards, but, uh, that special prosecutor may or may not initiate prosecution. The special prosecutor may or may not, uh, follow, pursue the charges that would be at, that it would be at that, uh, prosecutor's discretion. Right. So we're really looking at two functions here of a special prosecutor. One is to have an objective fair and impartial investigation underlying the matter. And the other is whether to use prosecutorial discretion in bringing an action, right? On behalf of the special prosecutor. That's correct. Right. And that action would be brought up, brought, um, on behalf of the county. You wouldn't it? The county is real party and interest here. That's correct. Okay. All right. Thank you. Yeah, I would agree with that now. I, excuse me, I hit my mouse by mistake. Okay. Um, not the best at mechanic, uh, technology, but in addition to your remarks, judge, uh, the statute gives three reasons why, uh, uh, the threshold issues that you mentioned on why the appointment could be possible. Okay. One is a conflict of interest on behalf of the state's attorney, which I believe is here, as I said, by rule. The other avenue is if the prosecutor is one would allow the court to consider appointment of a special prosecutor. Uh, I submit that when he decided to represent the defendant, he could not fulfill his duties to the, to the county, which as the court said is the real party of interest. Okay. So he, the judge failed to consider that. The third thing that's kind of a rub here is the third basis is the state's attorney. Like you didn't know that case could recuse himself. That's the third problem. Uh, and if he does, the judge has no discretion to deny the appointment. All right. Now here is the rub in my view. All right. In the one case, he did the right thing. He disqualified himself here. He did not. Now do you reward him for not disqualifying himself knowing that if he did a special prosecutor would be appointed and his colleague, the chairman would probably be prosecuted or could very well be. So when he doesn't do what he ethically should do, uh, does this court still have that same discretion? Okay. I would suggest that, uh, if there's a colorable claim after this court reviews the entire record that they go a bit further and determine whether or not there is a colorable claim and whether a special prosecutor should be appointed. Okay. The colorable claim goes to what subject Mr. Whether they're frivolous or whether they have substance as a matter of law and fact. Now you'll recall, uh, that this was a motion to dismiss that was granted by the court. So the court is within its guidelines to when they consider this case to take the, uh, what the court can do. Uh, we've really, how do I put it stated this claim? Well, it's quite obvious that there is a colorable claim here. It's not frivolous. Uh, he violated the law for 10 years. He took mileage going from his home to work, even for lunch and back each day and he never disclosed to the board on the invoice he submitted that it was for commuting. And maybe I'm out of bounds here, but what bothered me was the judge asked me at the oral argument lower court, does that bother you, Mr. Berman, that he took that mileage. Yeah, that bothers me. And it bothered me that he's being paid by taxpayers. He knows better than he knows a full-time employee doesn't get paid to go to work or paid to go back home or paid to go to lunch and come back. He knows that Mr. Berner, I, I, I'm still not sure if we need to take that next step because we're here as to the appointment of special prosecutor. And you're saying colorable claim goes to the essence of this underlying allegation of, of either misdemeanors, malfeasance, however you want it, that's to be determined at a later date, isn't it? Yes. Uh, it, it, it, it has been considered along with the first issue for the purpose of economic and judicial economy. It has been by course decided as a whole. So the case doesn't come back. It appears to me that even if he were told there is a conflict of interest here, he might very well side again with the state's attorney and we'd be back for a second appeal. That's the only reason I bring that up. Okay. In context, the court is correct. Okay. Um, I don't know. It could be claimed that a colorable claim or argued a colorable claim just goes to whether there's a conflict. Uh, I don't really, I haven't really seen that in the law. Okay. And the statute is not drafted that way. Okay. Uh, the, the only word place colorable claim is, uh, stated are in cases where they determine whether the, there was an abuse of discretion as far as not appointing, uh, uh, a special prosecutor once the initial threshold issue was met. Does that make sense? No, it does. I mean, we courts throw in the language of colorable claim is basically an implicit gatekeeping function. Yeah. Whether to be honest in judicial theory. Yeah. Um, the order of self, uh, is what I would call a bullseye order. It's just my term. And what that is, is for the judge as a desired result and then fits the facts and tries to fit the law, the result on that kind of like a bullseye archer that sends the arrows to the target. It hits somewhere up in the left top quadrant. He draws a bullseye around it. That's what this story, that's what this order is about. It's a bullseye order. Now, why do I say that? Well, number one, he did not mention in the order of the rules of professional conduct, which apply the conflicts of interest of attorneys in the courts in Illinois to he, although we strenuously stated the state's attorney took a different position in a case involving the same parties. He didn't address that. Uh, Mr. Berner, excuse me. Your time is up. Oh, sorry. You go ahead. I'm for rebuttal. I do have one quick question for Mr. Berner, justice McDade, if that's all right, that's fine. Mr. Berner, following up on justice McDade's question about standing, you said that, um, this young lady has standing as a private citizen to bring the action, but she did not bring this action as a private citizen. Did she? She brought her as both. If she had only initiated this lawsuit in her capacity as a private citizen, who would the state's attorney have an obligation to defend the private citizen or a public official? Okay. If, if she brought it in, if she was just hypothetically say, she's not the auditor, she's a private citizen, a private citizen brought the action. The state's attorney would have no obligation to that. However, the state's attorney still would have an obligation as far as the county is concerned. And as far as the chairman is concerned and the former, uh, auditor. So there's still be a conflict there. If that's what you're driving. Well, that was my question, but I'm, I'm looking at the caption of the complaint and I see it's brought in her capacity as auditor of the County of Tazewell, but you know, I'll look at the caption. I believe the complaint says where she lives and she lives in the county. I think she's a private citizen also. Um, I'd have to look at the caption myself. All right. You have answered my question. I appreciate your input. Mr. Berner. Is it Mr. Berner? I do have a question. Did the court rule on the fact that she had standing as a private citizen? Yes. The court ruled that as a private citizen, uh, she had standing to bring the petition for appointment. He did. He did state that in his org. Okay. Thank you. Okay. Are there any other questions? No. Thank you. Okay. Um, Mr. Holly. Thank you, your honor. Uh, your honor may please the court counsel. Um, I, I agree that, uh, there's a threshold issue in this matter and it's not whether there is a conflict of interest. It's whether there is an actual conflict of interest that would require the appointment of a special prosecutor. There are, um, essentially three different ways that a special prosecutor can be appointed in Illinois to take the place of the state's attorney. Um, those are under 55 five slash three dash 9,008. Uh, there's three sections, um, a five, a 10 and a 15, um, a five and a 15 clearly do not apply in this case. And I don't believe, uh, that the appellant is pursuing those particular sections. Uh, although Mr. Berner has made reference to them. Uh, so I'll address those briefly. Um, a five allows for the appointment of a special prosecutor where the perform the duties of office. Um, however, case law has defined that particular section of the statute as applying only to physical, uh, or other inability, uh, not to conflicts of interest. So in this particular matter, uh, a five is not, uh, an option for the appointment of a special prosecutor, um, as brought in this petition, as far as a 15 that provides for the voluntary recusal of the state's attorney, where the state's attorney deems it appropriate for any reason, uh, that a special prosecutor should be appointed. Um, in this particular case, the state's attorney has not sought to recuse himself. Um, and I think, uh, to, to briefly address some of Mr. Berner's arguments, um, there is a separate case that was filed by, uh, the now former auditor, um, in 2018, that was filed before this case. It involves some of the same parties. However, in that particular case, the auditor was not trying to sue on behalf of the county board, rather she was suing the county board. Um, and the set of circumstances was quite different. Um, the state's attorney did determine in that particular case that it was appropriate to recuse himself. Um, he did so and, uh, requested the appointment of a special prosecutor and a special prosecutor was appointed. Um, in this particular case, the circumstances were different. The state's attorney decided that, uh, there's, there was no conflict of interest that required recusal and so did not petition or ask the court for, uh, recusal in a special prosecutor. The only section of the special prosecutor statute, uh, that would provide some sort of remedy, uh, to the appellant would be under 810. Um, and the state's attorney, uh, the appellees have acknowledged that any interested person can petition for a special prosecutor under 810 of, uh, that particular statute. However, the standard, the requirement prior to the appointment of a special prosecutor is more than a simple conflict of interest, more than a per se conflict. The statute requires an actual conflict of interest, and that is a higher standard. Um, the Supreme Court has held that only situations where the state's attorney is interested as a private individual and an actual party to the litigation would an actual conflict of interest, um, occur. In this case, that's, that is, that's not the situation. Um, I don't think there's any dispute in this case. The state's attorney is not interested as a private individual. Um, and the appellant has acknowledged that the state's attorney was named in the caption of the lawsuit only for the purpose of requesting a special prosecutor. Um, there's no allegations against the state's attorney. Well, in the prior suit, Mr Hawley, I believe the state's attorney suggested that, uh, in deciding that there was a conflict with that, he might be called as a witness. Is that correct? I believe that is correct. Okay. Is that the case here? I don't believe so. There's no indication that the state's attorney would be called as a witness. In this case, there were allegations made against, uh, the former, uh, I guess now twice former auditor, um, Vicky Grasshoff, there were allegations made against David Zimmerman. Um, but there were no, no kind of allegations against the state's attorney's office. Um, it's not a matter that the state's attorney's office had become involved in as far as providing advice to the different parties or, or, um, engaging in some kind of negotiations as, as happened in the first case that being, uh, that former auditor Horanka filed. Um, the state's attorney chose to recuse himself in that case because, uh, there had been a long period of negotiations that the state's attorney was involved with trying to come to some sort of resolution between the different parties. That's not, not the case here. So who plays pays for the special prosecutor that's appointed or in the previous case, did some other state official assume prosecution as a special prosecutor or was private counsel retained? Well, um, in all cases, the, the payment of a special prosecutor is responsibility of the county. Um, and the statute acknowledges that and allows the county board to have, um, some sort of a, at least information about the amount of money that's being spent. Um, ultimately the appointment of special counsel, uh, or special prosecutor is within the discretion of the court. The judge has ability to try to find counsel that is, uh, essentially, uh, less expensive to the county initially. Um, and then ultimately has, has a discretion to appoint counsel, whether another public agency or private individual as, as the court sees fit. My point is it can be quite cost, costly for a state's attorney to recuse voluntarily and place the burden on the thank you. Um, so in this case, the requirement for a special prosecutor is that an actual conflict of interest, uh, be found and it's within the, uh, I guess the other point that I'd like to make is not only, um, does a court have to find an actual conflict of interest first, but even if an actual conflict of interest is found, it's still within the discretion of the court, whether it should appoint a special prosecutor or not. The statute clearly indicates that as well. So, um, there's, there's sort of a double requirement there that first an actual conflict of interest be found. And then also, uh, that the court feels that it's appropriate or necessary to appoint a special prosecutor. Is it, uh, what's the standard there in actual conflict? Is it the Illinois rules of professional conduct? They are a factor. Uh, yes. Um, there's of course the case law that I mentioned, um, Marshall versus County of cook for a one Illinois decision, eight 34, uh, that cites environmental protection agency versus pollution control board. Um, 69, uh, only second three 94. That indicates that the standard for an actual conflict of interest is where the state's attorney is interested as a private individual. Um, and he or she is an party to the litigation, but certainly the Illinois rules of professional conduct or consideration and making that determination. And I think the circuit court judge acknowledged that in his order. However, did he outline his consideration of those factors? Um, I, I, I don't believe that it was a detailed outline. I believe he acknowledged that they, uh, the Illinois rules of professional conduct have to be considered in context with, um, all the circumstances and facts, including the special prosecutor statute. Um, the brief that the appellees have submitted, um, also acknowledge that certainly the only rules of professional conduct are, are part of the consideration, but the Illinois rules of professional conduct also indicate that, um, any other, uh, subjects to, to other laws, uh, that may apply. Um, rule 1.11 D indicates that except as law may otherwise expressly permit, um, a public officer employee is subject to rules 1.7 and 1.9. Um, certainly the only rules of professional conduct apply to state's attorneys and we hold ourselves to that high standard. Um, but they also acknowledge that, uh, there's other, there's other laws that may need to be considered and may apply to a particular situation. And in this case, the special prosecutor statute must be read in conjunction with the Illinois rules of professional conduct to determine whether an actual conflict applies. The special prosecutor statute just, uh, simply has a higher standard, uh, for the replacement of the state's attorney than a simple conflict or per se conflict, um, under the rules of professional conduct. Um, so an ordinary attorney, if he has, or she has a per se conflict, uh, they can, they can extricate themselves from that per se conflict by, uh, acceptance by both parties. Is that correct? I believe so. Would it not have been prudent here to do some, or are you just relying on the other statute of, uh, actual conflict being the standard? I'm not sure I understand the question. Do you mean, you're saying it doesn't have to be a per se conflict, correct? For the appointment of special prosecutor? No, it requires greater than a per se conflict. I see. Well, I'm talking about prudence here. Sure. It's attorney when it'd be prudent because you're, you're apparently admitting there's a per se conflict or are you, maybe you're not. No. Um, I just wanted to point out that it requires more than that. Um, even if a per se conflict did exist, it's not enough. Uh, but you're not conceding that there is one. No. Okay. And when there was, was there any binding by the trial court as to a per se conflict? I don't believe so. What was there about conflict that's trial court examined? If we look at the record and findings that we on de novo review can rely on. Um, I believe the, the lower court, uh, took into consideration the special prosecutor statute, the requirements that are provided in that statute, consider the Illinois rules of professional conduct and reading those two in conjunction, uh, came to the determination that there is no actual conflict in this matter, that a, uh, that standard wasn't met for the appointment of a special prosecutor and that the court exercised its discretion to, uh, deny the request to appoint a special prosecutor. Okay. Mr. Holly, do you agree that our standard is de novo? I do not your honor. In this case, uh, as Mr. Berner acknowledged, uh, their request was a petition for a special prosecutor. I think the applicable law, um, indicates that the appointment of a special prosecutor is within the discretion of the court. And I believe that the standard of review in this case would be an abuse of discretion. Okay. Thank you. Thank you. Are there any questions for Mr. Holly? You still have time. I'm sorry. Were you? No, I appreciate that. And I think some of your questions have, uh, have addressed the rest of my presentation. So if there's any other questions, I'd be pleased to, to answer them, but, um, I guess I would, uh, uh, I guess just be efficient with the court's time. Okay. The court always appreciates that. Um, so there are no questions. No. Um, Mr. Berner, any rebuttal? Uh, yes, your honor. Uh, he, he mentions the actual conflict of interest and the appointment statute. If you read the appointment statute, the only distinction between the present form and the rules is this actual, it does say actual conflict of interest. Now, when there's a statute that conflicts with Supreme court rules, uh, on a subject that the Supreme court has, uh, legislated upon that holds president. But aside from that, we have an actual conflict of interest. He's on both sides of the case. He has a obligation to the he's taken an obligation to this defendant. There is a per se conflict. And the interesting portion of this, in addition to that, so, and I, I, I hasten to add, if you read the appointment statute, it does not define or address what an actual conflict is. I thought the implication by Mr. Holly was that it's all in that statute. It is not the only thing in that statute says actual conflict of interest. And my suggestion is conflict of interest is a term of art used in the rules of professional conduct. All right. That's the first, but the other clarification I really need to make is he said it's when the state's attorney is interested in a cause that's old law. In 2016, this statute was amended with this actual conflict of interest clause and two other sections. It did away with the interested situation where the state's attorney might've been a party to the cause, the statute of art, and it changed the standard. It broadened it. So if you look at that statute, I'm sure you will. The only thing that talks about actual conflict of interest are those four words. Mr. Bernard, now that you're on that topic, specifically, you are maintaining that because of the statute on amendment, what's an actual conflict, correct? Yes. The actual conflict of interest. Yes. Correct. Actual conflict. And you're saying the code of professional conduct does not require actual conduct or actual conflict, but there's a per se conflict. Am I correct? Not exactly, your honor. What I meant to say is that in the rules of professional conduct, there are instances where there can be the appearance of a conflict and that's enough to disqualify someone. I felt like they put that in the statute of actuals. So there is an actual, not just an appearance. Okay. And there is an actual conflict of interest here because his clients are on both sides of the case. The county, the defendant, and they're both his clients. Certainly as a law enforcer, the chief law enforcement officer of the county, the county and the people are his clients. You're saying the code itself, because it's promulgated by the Supreme Court, takes precedent over the statutory language, so to speak, of the legislature. And that actual conflict should be interpreted along lines of interpreting the code of professional conduct. Is that correct? I would say that's a fair statement. Yes. And I would also say that it isn't relevant here in the sense that there is an actual conflict of interest. That they had a little problem with, apparently. Now, the second thing is, he says, it's whenever the state's attorney is sick with the second prong, that's all. And there is a case that says that, but I want the court to understand the second section that was also amended to Ellison's name. It says if the state's attorney is sick or infirmed, or worse to that effect, or otherwise unable to fulfill his duties, that is the basis of an appointment. The term is, or otherwise. And I'm suggesting that that opens it up to more than just sickness or ill health, which makes a lot of sense. In Tazewell County, they have 17 assistant state's attorney at full strength, 15 presently. The city of Cook County has 700. If the person's sick in the morning, the department still functions. It's kind of one of those things that wasn't really congruent with life, but they add it or otherwise unable. And that opened it up to more than just sickness, just the plain language. So in addition, how he could say in essentially the same circumstances, he had a conflict and withdraw and not hear, in this case, baffles me, frankly. The other thing that baffles me about the order is the judge says, if you have, if you had, it applies to the state's attorney, he admitted that Mr. Holley, just the rules. I've never heard of a attorney being able to say, oh, I have a conflict between two clients. I'm going to choose client A over client B. You just don't do that. Counsel, I have a question for you along those lines. I'm, I'm baffled as well. And when I look at this case, I try to focus on what we are designed here in our court to review. And that is we review the decisions of the trial court. Use of discretion. We are not the ARDC. We are not here to rule on whether Mr. Umholtz violated the code of professional responsibility. Even if the trial court's decision is upheld, there's still a remedy there to, um, for Mr. Umholtz's failure to honor the code of professional responsibility. So please help me. Uh, I think you're asking us to function as the attorney registration commission. No. Oh, I'm sorry. I'm sorry. I didn't mean to interrupt you. No, that's all right. This is what baffles me a bit because my blinders or I have tunnel vision looking at what the trial court did rather than focusing on what Mr. Umholtz did. What I mean to say is that the argument lacks credibility. I'm not saying, you know, discipline him. I'm saying when he takes one position and the factors are the same and another position later as a convenience, it's not credible. And also I believe the judge at the trial level could have used the judicial estoppel principle and said, you made this claim here. You recuse yourself at least ask them. Why didn't you recuse yourself here? He never did. And if someone came, if I was before, but so I'm not asking you to discipline them. I'm just saying the argument lacks credibility and that's different. All right. Thank you for answering my question. I have one. I have one question, Mr. Burner. Uh, your opposing counsel said that our standard or review is abuse of discretion. I believe you stated early on that this is a two, six, 15. They know. They know. Because it's a two, six, 15. Uh, it's because it's a motion dismissed that was granted as a matter of law. That's one basis. The other basis is the cases in the gate, a conflict of interest is a legal question. And that's in my brain. Okay. There's two prongs to it. Okay. Thank you. Um, am I out of time? Yes, you are probably worse. Thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. Um, the court will stand in brief recess until 10 30.